NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: TCL TECHNOLOGY GROUP CORP., fka TCL Corporation, TCL ELECTRONICS HOLDINGS LTD., fka TCL Multimedia Technology Holdings, Ltd., TCL KING ELECTRICAL APPLIANCES (HUIZHOU) CO., LTD., TCL MOKA INTERNATIONAL LTD., TCL SMART DEVICE (VIETNAM) CO., LTD., TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION CO., LTD.,**
*Petitioners*

---

2023-153

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:23-cv-00420-ALM, Judge Amos L. Mazzant, III.

---

**ON PETITION**

---

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

### O R D E R

Petitioners (collectively, "TCL") seek a writ of mandamus directing the United States District Court for the

Eastern District of Texas to vacate its September 11, 2023, order and stay all deadlines. Freedom Patents LLC opposes.

Freedom Patents sued TCL for patent infringement. TCL moved to dismiss for insufficient service of process and separately moved to stay all pending deadlines while the court considered the motion to dismiss. On September 11, 2023, the district court denied TCL's motion for a stay. TCL then filed this petition, *see* 28 U.S.C. §§ 1295(a)(1), 1651(a), challenging that decision. On November 9, 2023, the district court decided TCL's motion to dismiss, dismissing claims against certain defendants but permitting alternative service, which Freedom Patents states, without contradiction, has since been accomplished.

To obtain the extraordinary remedy of a writ of mandamus, the petitioners must show: (1) there are no adequate alternative avenues for relief, (2) the right to issuance of the writ is clear and indisputable, and (3) issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). The district court has now acted on TCL's motion to dismiss. Although TCL notes that it has asked the district court to reconsider its November 9, 2023, decision, TCL has not shown a clear and indisputable right to a stay of proceedings under the circumstances.

Accordingly,

IN RE: TCL TECHNOLOGY GROUP CORP. 3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 18, 2023
Date